1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10
AUGUSTINE RAMOS CAMPOS,          )    1:07-CV-01537 OWW GSA HC
11                                )
            Petitioner,           )    FINDINGS AND RECOMMENDATION
12                                )    REGARDING PETITION FOR WRIT OF
v.                                )    HABEAS CORPUS PURSUANT TO 28
13                                )    U.S.C. § 2241
                                  )
14  CHARLES DEROSA,               )
                                  )
15          Respondent.           )
                                  )
16  _____)

17          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2241.

19          Petitioner is challenging his 1998 conviction in the United States District Court for the

20  Eastern District of California, Sacramento Division, of conspiracy to possess with intent to distribute

21  a controlled substance, and possession with intent to distribute a controlled substance.  Petitioner is

22  in the custody of the Bureau of Prisons at the California City Correctional Center located in

23  California City, California.

24          On October 22, 2007, the instant petition for writ of habeas corpus was received in this Court

25  following transfer from the Central District of California.

26                          **DISCUSSION**

27          A federal prisoner who wishes to challenge the validity or constitutionality of his conviction

28  or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

1   U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719

2   F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,

3   643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing court has jurisdiction*.

4   Tripati, 843 F.2d at 1163.    A prisoner may not collaterally attack a federal conviction or sentence by

5   way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,

6   929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616

7   F.2d 840, 842 (5th Cir.1980).

8        In contrast, a federal prisoner challenging the manner, location, or conditions of that

9   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

10  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,

11  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

12  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd

13  Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United

14  States, 610 F.2d 672, 677 (9th Cir. 1990).

15       A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he

16  can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of

17  his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although

18  there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the

19  Ninth Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 234 F.3d

20  1277 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses statute of

21  limitations);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (Dismissal of a successive motion

22  attacking sentence did not render such motion procedure an ineffective or inadequate remedy, so as

23  to authorize federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's

24  denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at

25  1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition

26  inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582

27  (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural

28  requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

1   The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v.

2   United States, 315 F.2d 76, 83 (9th Cir. 1963).

3          In this case, Petitioner challenges the underlying conviction and sentence.  Because he is

4   alleging errors in his conviction and sentence, and not errors in the administration of his sentence,

5   the Court finds that Petitioner is not entitled to relief under § 2241, and his petition should be

6   dismissed.  In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective.  Should

7   the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate

8   or set aside pursuant to 28 U.S.C. § 2255.[1]  This petition should be dismissed.

9                                    **RECOMMENDATION**

10         Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

11  DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under

12  28 U.S.C. § 2241.

13         These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger,

14  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule

15  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

16  California.  Within thirty (30) days after being served with a copy, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall

19  be served and filed within ten (10) court days (plus three days if served by mail) after service of the

20  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

21  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

22  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23         IT IS SO ORDERED.

24  Dated:   **November 1, 2007**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

25

26

27  [1]A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges convictions and sentences adjudicated in the Sacramento Division of the U.S. District Court for the Eastern District of California.

28